UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mario Edgardo Martinez-Varga,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-01978-CDS-EJY<br>**Order Granting Petitioner's Motion to Dismiss**<br>[ECF No. 14] |

Counsel for petitioner Mario Edgardo Martinez-Varga moves to dismiss his pro se petition for writ of habeas corpus. Mot., ECF No. 14. Counsel asserts that they received two untimely documents from the federal respondents which indicate that the petitioner is no longer in custody because he was removed from the United States on July 14, 2026. *Id.* As a result, Martinez-Varga's petition is moot.

A writ of habeas corpus permits a petitioner to challenge the legality or duration of his detention. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A court's authority under the writ, however, is generally limited to ordering the petitioner's release from unlawful detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Here, when Martinez-Varga filed his petition, he was in immigration custody in this district and challenging the legality of his continued detention. ECF No. 4. However, it appears that he has since been released from custody and removed to El Salvador. The court therefore "can no longer provide him the primary relief sought in his habeas corpus petition," rendering his petition moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997); *see also, e.g., Singh v. Bowen*, 2025 WL 3679185, at *1 (C.D. Cal Dec. 18, 2025) (dismissing as moot petition where

petitioner was released from immigration custody). Indeed, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486 (1969). Through his habeas petition, Martinez-Varga seeks a bond hearing and the immediate release from custody. Because he has since been released and removed, there is no further relief that the court can provide.

## Conclusion

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is moot following Martinez-Varga's release from immigration custody. Therefore, the petition is dismissed without prejudice. The Clerk of the Court is kindly directed to close this case.

Dated: September 11, 2026

_______________________________
Cristina D. Silva
United States District Judge